Filed 2/16/23  In re K.S. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re K.S., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,  Plaintiff and Respondent,  v.  A.H.,  Defendant and Appellant. | E080191  (Super.Ct.Nos. RIJ112626)  OPINION |

APPEAL from the Superior Court of Riverside County.  Dorothy McLaughlin, Judge.  Conditionally reversed.

Christine E. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, and Melinda H. Frey, Deputy County Counsel, for Plaintiff and Respondent.

1

A.H. (mother) appeals from orders terminating parental rights over her minor child K.S. She argues the Riverside County Department of Public Social Services (department) did not conduct a sufficient inquiry into K.S.'s possible Indian ancestry under the Indian Child Welfare Act (ICWA). The department concedes the error, and we agree that the concession was proper. Accordingly, we conditionally reverse the termination of parental rights as to K.S., but otherwise affirm the juvenile court's orders.[1]

BACKGROUND

In April 2021 mother gave birth to K.S. Mother tested positive for methamphetamine at the time of the birth, leading to the department's involvement. Mother told the department she lived with maternal great-grandmother, though maternal grandmother said mother lived with her. The department spoke to father, who was in custody following arrest for an unrelated offense, in May. He told the department he and mother were homeless, and both used methamphetamine. The department sought and received a protective custody warrant and filed a section 300 petition later that month.

At the detention hearing, the court continued K.S.'s detention away from his parents and found ICWA did not apply.

The court and department also initiated an inquiry into whether K.S. was an Indian child. In an attachment to the section 300 petition, the department reported that

---

[1] Undesignated statutory references are to the Welfare and Institutions Code. "In addition, because ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many." (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1 (*Benjamin M.*).)

mother gave no reason to believe K.S. was an Indian child. Father filed a Judicial Council Form ICWA-020 in which he claimed no Indian ancestry. Our record does not contain an ICWA-020 from mother.

In addition to K.S.'s parents, the department also spoke to maternal grandmother and maternal aunt in May 2021. However, it did not ask either about K.S.'s possible Indian heritage. The department spoke to maternal aunt two more times—in June 2021 and November 2021—but never asked her about whether K.S. had any Indian heritage. The department also interviewed a maternal great aunt but did not ask her whether K.S. had any Indian heritage.

The court held a contested jurisdiction and disposition hearing in August 2021. It found the department conducted a sufficient ICWA inquiry. However, it made contradictory findings about whether ICWA applied—finding both that ICWA may apply and that it did not apply—ultimately concluding that K.S. was not an Indian child. The court held a section 366.26 hearing in October 2022, where mother appeared before the court for the first time. At that hearing, the court terminated both parents' parental rights.

ANALYSIS

Mother contends, and the department correctly concedes, that the department prejudicially failed to comply with its duty of initial inquiry regarding mother and her relatives.

Under California law, the juvenile court and county child welfare department have "an affirmative and continuing duty to inquire" whether a child subject to a section 300

petition may be an Indian child.  (§ 224.2, subd. (a); see *In re D.F.* (2020) 55 Cal.App.5th 558, 566 (*D.F.*).)  "This continuing duty can be divided into three phases:  the initial duty to inquire, the duty of further inquiry, and the duty to provide formal ICWA notice." (*D.F.*, at p. 566.)

The department always has an initial duty to inquire into whether a child is an Indian child.  (*In re J.S.* (2021) 62 Cal.App.5th 678, 686 (*J.S.*); see § 224.2, subd. (b).) " 'The child welfare department's initial duty of inquiry includes "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." ' " (*J.S.*, at p. 686; see § 224.2, subd. (b).)  Extended family members include adults who are the child's stepparents, grandparents, aunts, uncles, brothers, sisters, nieces, nephews, and first or second cousins.  (25 U.S.C. § 1903(2); § 224.1, subd. (c).)  "If the initial inquiry gives the juvenile court or the agency 'reason to believe' that an Indian child is involved, then the juvenile court and the agency have a duty to conduct 'further inquiry' [citation], and if the court or the agency has 'reason to know' an Indian child is involved, ICWA notices must be sent to the relevant tribes." (*Benjamin M.*, *supra*, 70 Cal.App.5th at p. 742.)

In addition, both federal regulations under ICWA and California law require that the court ask each "participant" whether he or she knows or has reason to know the child is an Indian child.  (25 C.F.R. § 23.107(a); § 224.2, subd. (c).)  State law mandates the

4

inquiry at the "first appearance in court of each party" (§ 224.2, subd. (c)), whereas federal law states that the inquiry must be "made at the commencement of the proceeding and all responses should be on the record." (25 C.F.R. § 23.107(a).)

Here, both the department as well as the juvenile court failed to conduct a sufficient initial inquiry. Not only did the juvenile court not ask mother at the section 366.26 hearing (i.e., when she first appeared before the court) whether she knew or had reason to know K.S. was an Indian child, the department did not ask mother's family members with whom it was in contact (such as the maternal grandmother and the maternal aunt) about K.S.'s potential Indian heritage.

Moreover, the error was prejudicial. Setting aside the issue of whether the trial court's failure to inquire, without more, merits reversal, "in ICWA cases, a court must reverse where the record demonstrates that the agency has not only failed in its duty of initial inquiry, but where the record indicates that there was readily obtainable information that was likely to bear meaningfully upon whether the child is an Indian child." (*Benjamin M.*, *supra*, 70 Cal.App.5th at p. 744.) We agree with the parties that information from any of the several family members with whom the department was in contact "would likely have shed meaningful light on whether there is reason to believe" K.S. is an Indian child. (*Ibid.*) Those family members include the maternal aunt, maternal grandmother, maternal great-aunt, and the maternal great-grandmother. In fact, here the family members with meaningful information include mother herself, as the

5

record does not show she ever submitted an ICWA-020 form.  We therefore find that additional inquiry is necessary.

## DISPOSITION

The order terminating mother's and father's parental rights to K.S. is conditionally reversed.  The matter is remanded to the juvenile court with directions to comply with the inquiry provisions of ICWA and of sections 224.2 and 224.3 consistent with this opinion, including by requiring mother to complete and submit an ICWA-020 form.  If, after completing the initial inquiry, neither the department nor the court has reason to believe that K.S. is an Indian child, the order terminating parental rights as to K.S. shall be reinstated.  If the department has reason to believe that K.S. is an Indian child, the court and the department shall proceed accordingly.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____
J.

We concur:

RAMIREZ_____
P. J.

SLOUGH_____
J.